IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert L. Hillman,             :
                               :
       Plaintiff,              :
                               :    Case No. 2:08-cv-717
    v.                         :
                               :    JUDGE MARBLEY
Brian Simms, et. al.,          :
                               :
                               :
       Defendants.             :

REPORT AND RECOMMENDATION

Plaintiff, Robert L. Hillman, a state prisoner, filed this action seeking damages from the defendants for conspiring to injure him and for having the power to prevent these wrongs but failing to do so. The case is before the Court for an initial screening pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, it will be recommended that the case be dismissed as frivolous.

I.

Section 1915(e)(2) provides that in proceedings in forma pauperis, "the court shall dismiss the case if . . . the action . . . is frivolous or malicious; fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 409 U.S. 319 (1989). A complaint may be

dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  Pro se complaints are to be construed liberally in favor of a *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

II.

The complaint in this case alleges defendants, Brian Simms, Joseph Edwards and Jennifer Maloon, violated Mr. Hillman's civil liberties under 42 U.S.C. §1985 and that Brian Simms and Governor Ted Strickland violated the plaintiff's civil liberties under 42 U.S.C. §1986.  Both Mr. Simms and Ms. Maloon were assistant county prosecutors who participated in certain criminal proceedings against Mr. Hillman.  Mr. Edwards was Mr. Hillman's defense attorney in those proceedings.

Mr. Hillman alleges that during the criminal proceedings, Mr. Simms "knowingly and intentionall(sic) conspired with ... Mr. Haggerty" and Officer Hanes by allowing them to falsely testify against Mr. Hillman.  Mr. Hillman also alleges that Mr. Simms knowingly presented a falsified document containing the plaintiff's incorrect arrest weight.

2

Mr. Hillman alleges that Mr. Edwards deliberately misstated the location of the alleged criminal offense, misstated where the alleged out-of-court identification of the plaintiff took place, misstated the testimony of the Columbus police sergeant who claimed to have witnessed plaintiff throw a white bag containing items connected to the alleged offense, when this officer never made such a statement, and filed an appellate brief without the benefit of the complete trial transcripts in order to conceal material issues concerning the plaintiff's claim of prosecutorial misconduct on direct appeal.

Mr. Hillman alleges that Ms. Maloon, "acting in concert with" Mr. Simms and Mr. Edwards, entered into the conspiracy on June 8, 2007, by filing a brief which misstated the testimony of the alleged victim and Columbus police officer Shaniver. Additionally, Mr. Hillman alleges that Ms. Maloon falsely stated that the alleged victim made a positive identification of Mr. Hillman, when in fact the alleged victim testified only that Mr. Hillman "matched the description" of the suspect. Mr. Hillman alleges that this misrepresentation of the testimony was intentional because Ms. Maloon continued to make this incorrect statement even after the plaintiff brought the discrepancy to the attention of the appellate court.

Mr. Hillman alleges that Governor Ted Strickland violated 42 U.S.C. §§1985 and 1986. Mr. Hillman states that he wrote the Governor's office to inform him of the conspiracy "as far back as June of 2007." On July 27, 2007 and October 26, 2007, the Governor's office replied to the plaintiff, informing him that he "should file for clemency" or "report said corrupt activities ... to the Attorney General's office." The complaint alleges that Governor Strickland "neglected to protect the plaintiff's civil liberty rights despite knowing that crimes were being committed to injure the plaintiff by way of conspiracy between government

officials" and that he failed "to prevent that which was within his power to prevent."  Mr. Hillman later sought to amend his complaint to withdraw his claims against Governor Strickland.

### III.

Mr. Hillman's allegations against Mr. Simms, Mr. Edwards and Ms. Maloon fall within the second clause of 42 U.S.C. §1985, which creates a cause of action against "two or more persons" who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the law."

Mr. Hillman provided no details indicating that the defendants, Mr. Edwards and Ms. Maloon, actually conspired with each other, only of their individual "wrong doings."  The Sixth Circuit has affirmed the dismissal of §1985 claims where the plaintiff "failed to plead his conspiracy claim with any degree of specificity", White v. Trapp, 93 Fed. App'x. 23, 26 (6th Cir. 2004), and where the "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory."  Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir 1984).  Mr. Hillman's allegations against Mr. Edwards and Ms. Maloon are also too broad and lack details of an actual conspiracy.  Consequently, these allegations should be dismissed for failure to state a claim.

Mr. Hillman provides actual details with respect to Mr. Simms's alleged conspiracy activity.  Mr. Hillman alleges that Mr. Simms was aware that Mr. Haggerty and Officer Hanes were giving false testimony, and that this is circumstantial evidence of a conspiracy.  Since complaints are to be construed liberally in favor of a pro se party, this would arguably be sufficient to support Mr. Hillman's conspiracy theory involving Mr. Simms.

4

As a general rule, however, prosecutors enjoy immunity from liability with respect to any acts associated with the position of prosecutor so long as such acts are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). As a policy matter, a prosecutor, in order to perform that job independent of improper considerations, must be free from the threat of suits from those who are accused but not convicted. Otherwise, no limits could be placed on the ability of unhappy participants in the criminal process to harass a prosecutor and, ultimately, to cause the prosecutor to act simply in order to avoid the threat of future litigation, as opposed to vindicating the interests of the state in the independent exercise of prosecutorial judgment.

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.

Id. at 424-25.

Imbler did not define precisely the contours of prosecutorial immunity. However, it is clear from Imbler that such immunity extends both to the prosecutor's decision to bring charges and his subsequent conduct of the case. Further, the immunity extends to the decision to file complaints, obtain an arrest warrant for a defendant, and conduct interrogation relating to the decision to prosecute. Id. at 556-57. The immunity also extends to "failing to disclose exculpatory and other information concerning witnesses, procuring false testimony, failing to correct perjured testimony, causing a conflict of interest for defense counsel, not disclosing that conflict,... putting a 'spy' in the defense camp, and 'covering

5

up' those allegedly unconstitutional actions." Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986), cert. denied 481 U.S. 1048 (1987). However, prosecutorial immunity does not extend to acts taken in the prosecutor's administrative or investigative capacities. see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991).

Mr. Hillman alleged that Mr. Simms conspired to present a "falsely documented arrest weight" as well as to procure false testimony from two witnesses. These acts clearly were taken during the judicial phase of the criminal process and were not within Mr. Simms' administrative or investigative capacities. Therefore, Imbler extends prosecutorial immunity to Mr. Simms in these circumstances. Such immunity likewise would be available to Ms. Maloon for her filing of an allegedly false brief on Mr. Hillman's appeal.

As stated above, section 1985 prohibits one from entering into a conspiracy to deny any citizen the equal protection of the laws. Mr. Hillman makes no allegations that Governor Strickland entered into the conspiracy against him; in fact, Mr. Hillman states that Governor Strickland was "not directly involved in any of the alleged criminal acts." This claim should therefore be dismissed because it has no basis in law or fact.

IV.

Mr. Hillman also alleges that Mr. Simms and Governor Strickland violated 42 U.S.C. §1986. Section 1986 states that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured." A cause of action under §1986 is therefore

6

dependent on a valid claim under §1985.  See White, 93 Fed App'x at 26; Jaco, 739 F.2d at 245.  The fact that Mr. Hillman failed to allege a proper §1985 conspiracy is therefore dispositive of any claim under §1986.

In addition, §1986 provides its own one-year statute of limitations.  See Harris v. City of Canton, 725 F.2d 371, 375 n. 4 (6th Cir. 1984).  This complaint was received by the district court clerk July 23, 2008.  However, the only conspiracy that Mr. Hillman alleges with any degree of specificity was between Mr. Simms and Mr. Haggerty and Officer Hanes.  This conspiracy purportedly occurred in August of 2006.  The statute of limitations thus appears to have expired on the §1986 claim.  Had the statute not expired, Mr. Simms would still be entitled to prosecutorial immunity for the same reasons expressed in the preceding section.

Mr. Hillman states that he sent letters to Governor Strickland "as far back as June 2007."  Thus, by the time Governor Strickland was informed of the alleged conspiracy it had already taken place.  To be liable under §1986, Governor Strickland would have to have known that a §1985 violation was "about to be committed."  Moreover, even if Governor Strickland had been aware that the violations were "about to be committed," there is no reason to believe that he had the "power to prevent" the allegedly wrongful acts.  The §1986 claim against Governor Strickland should therefore be dismissed as lacking a basis in law or fact.

V.

Based upon the foregoing reasons, it is recommended that the complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted and for seeking monetary relief against defendants who are immune from such relief.  It is further recommended that, if the Court adopts this recommendation

7

and dismisses these claims, a copy of the complaint, the Report and Recommendation, and the dismissal order be mailed to the defendants.

PROCEDURES ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir 1981).

   /s/ Terence P. Kemp
United States Magistrate Judge

8