```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Robert L. Hillman,            :

    Plaintiff,             :
                                        Case No. 2:08-cv-717
    v.                     :
                                          JUDGE MARBLEY
Brian Simms, et. al.,         :

    Defendants.            :


                          OPINION AND ORDER

     This matter is before the Court on the objection filed by the plaintiff, Robert L. Hillman, to the Magistrate Judge's Report and Recommendation. Pursuant to an initial screening under 28 U.S.C. §1915, the Magistrate Judge recommended that the plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief against defendants who are immune from such relief.

                                I.

     When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made..." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B). For the following reasons, the objection will be overruled and this case will be dismissed.

                                II.

     Mr. Hillman filed a complaint alleging that defendants, Brian Simms, Joseph Edwards and Jennifer Maloon violated Mr. Hillman's civil liberties under 42 U.S.C. §1985 and that Brian Simms and Governor Ted Strickland violated Mr. Hillman's civil liberties under 42 U.S.C. §1986. Both Mr. Simms and Ms. Maloon

were assistant county prosecutors who participated in certain criminal proceedings against Mr. Hillman.  Mr. Edwards was Mr. Hillman's defense attorney in those proceedings.  The complaint alleged that Brian Simms, Joseph Edwards, and Jennifer Maloon entered into a conspiracy to violate Mr. Hillman's liberties under 42 U.S.C. §1985 and that Governor Ted Strickland violated 42 U.S.C. §§1985 and 1986 by "neglecting to protect Mr. Hillman's civil rights despite knowing that crimes were being committed to injure the plaintiff by way of conspiracy between government officials" and that he failed "to prevent that which was within his power to prevent."  Mr. Hillman later sought to amend his complaint to withdraw his claims against Governor Strickland.

    The Magistrate Judge determined that the allegations against Mr. Edwards and Ms. Maloon should be dismissed for failure to state a claim.  The Magistrate Judge found that Mr. Hillman provided no details indicating that Mr. Edwards and Ms. Maloon actually conspired with each other, only of their individual "wrong doings," that Mr. Hillman failed to plead his conspiracy claim with any degree of specificity, and that the complaint merely contained broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory. The Magistrate Judge determined that Mr. Hillman provided sufficient actual details with respect to Mr. Simms' alleged conspiracy activity but, as a prosecutor, Mr. Simms was immune from liability.  The Magistrate Judge also found that the 42 U.S.C. §1986 claims against Mr. Simms and Governor Strickland should be dismissed since a cause of action under §1986 is dependent on a valid claim under §1985.  Additionally, the Magistrate Judge found that the statute of limitations had expired on the §1986 claim and that the claim against Governor Strickland should be dismissed because it lacked a basis in law or fact since Governor Strickland was unaware that a §1985 violation was about to be committed and even if he was, there was no reason to believe that he had the power to prevent the

allegedly wrongful acts.

The plaintiff, Robert L. Hillman, has objected to the Report and Recommendation. In his objection, Mr. Hillman submits that under the theory of conspiracy he does not need to allege that the conspirators had an actual meeting of the minds or show an express agreement between the defendants, only that they showed a common understanding or design, even if tacit, to commit an unlawful act. Even if this were correct, Mr. Hillman's complaint does not allege a common understanding or design, even if tacit. The complaint simply does not provide any details of any understanding whatsoever between Mr. Edwards and Ms. Maloon. The Court agrees with the Magistrate Judge's conclusion that the allegations against Mr. Edwards and Ms. Maloon are too broad and lacked the necessary details of any actual conspiracy. <u>Jaco v. Bloechle</u>, 739 F.2d 239, 245 (6th Cir. 1984). Therefore, the Court adopts the Report and Recommendation with respect to the allegations against Mr. Edwards and Ms. Maloon.

Mr. Hillman also alleges that it was error for the Magistrate Judge to extend prosecutorial immunity to Mr. Simms and Ms. Maloon. Mr. Hillman claims that the acts of Mr. Simms and Ms. Maloon were outside the scope of their office and as a result, they can be held liable. Mr. Hillman further alleges that immunity should not have been made available to Ms. Maloon under <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976), because at the time of her unlawful acts Ms. Maloon was not acting as an advocate before the court because the judicial phase of presenting the state's case had concluded with the trial. The Magistrate Judge correctly determined that Mr. Simms was entitled to prosecutorial immunity under <u>Imbler</u> since the acts of presenting a "falsely documented arrest weight" as well as procuring false testimony from two witnesses are both acts which are taken during the judicial phase of the criminal process. Further, it is clear that prosecutorial immunity extends to acts that allegedly took place after Mr. Hillman's trial and in the

context of the appeal.  See Parkinson v. Cozzolino, 238 F.3d 145 (2d Cir. 2001).

Mr. Hillman also claims that the Magistrate Judge erred in failing to acknowledge Mr. Hillman's motion to withdraw Governor Strickland from the complaint and using Governor Strickland and the allegations against him as a basis to dismiss the entire complaint.  Mr. Hillman alleges that as a result of this failure, the Magistrate Judge imposed the §1986 one-year statute of limitations and used that as a basis for dismissing the entire complaint against all four defendants.  Mr. Hillman also claims that Ms. Maloon filed her last brief which contained misstatements of material fact on July 9, 2008 in a memorandum in opposition to the Ohio Supreme Court.  Therefore, computing the time from the last overt act committed in the civil conspiracy claim which caused the injury, Mr. Hillman believes that he was well within even the one year statute of limitations applied by the Magistrate Judge.  However, the Magistrate Judge correctly determined that the only conspiracy that Mr. Hillman alleged with any degree of specificity was between Mr. Simms, Mr. Haggerty, and Officer Hanes.  Furthermore, since Mr. Hillman's complaint was subject to dismissal under 28 U.S.C. §1915, he does not have a right to amend his complaint.  Bringier v. Corrections Corp. Of America, 17 Fed.Appx. 440, 441 (6th Cir. 2001).  Finally, Ms. Maloon's filing a brief with the Ohio Supreme Court is an act for which she enjoyed absolute immunity, see Parkinson, supra, and cannot form the basis for liability either as to her or any other defendant.  Thus, the Magistrate Judge's alleged failure to acknowledge the purported withdrawal of Governor Strickland as a party was not error and did not prejudice Mr. Hillman.

### III.

Based on the foregoing reasons, the Court overrules Mr. Hillman's objection and adopts the Report and Recommendation. Accordingly, Mr. Hillman's complaint is DISMISSED for failure to state a claim upon which relief can be granted and for seeking

monetary relief against defendants who are immune from such relief. All pending motions (#2, #5, #9, and #10) are DENIED. The Clerk shall mail a copy of the complaint, the Report and Recommendation, and this order to the defendants.

 s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge